UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMED AKBAR,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN LUNDY, et al.,<br><br>    Defendants. | No. 2:23-cv-1335 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

<u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v.</u>

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff, a mental health patient, alleges that it is well known that EOP/SNY[1] inmates are not allowed to walk the yard with general population inmates because it puts them at risk of harm

---

[1] The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services:  Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care.  Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).  The acronym "SNY" is for sensitive needs yard for inmates who have documented safety concerns.

or death. Plaintiff claims that defendants CC2 Timmens, CC2 Farnsworth, Lt. Campbell, Warden J. Doe (all employed at Mule Creek State Prison ("MCSP")), Lundy, Warden at California State Prison-Los Angeles County ("CSP-LAC"), and Sgt. Barajas, were all aware that plaintiff's life was in danger based solely on plaintiff's classification status and prior incidents of EOP/SNY inmates being battered or killed. Despite plaintiff notifying defendants, plaintiff was beaten twice by inmates Victor and Stevens. Plaintiff suffered head and back pain, anxiety, fear, and loss of appetite and sleep. He seeks money damages.

Discussion

Plaintiff's complaint fails to allege specific facts as to each named defendant and fails to state where he was assaulted by inmates Victor and Stevens. (ECF No. 1 at 3.)

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (internal quotations and citation omitted). "The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting Farmer, 511 U.S. at 834). The second prong of this test is subjective, and "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." See Farmer, 511 U.S. at 837. "'Deliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Hearns, 413 F.3d at 1040 (quoting Farmer, 511 U.S. at 835) (internal alterations omitted). One way this can be established is "if the inmate shows that the risk posed by the deprivation is obvious." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2011) (citing Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.")). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under [the Supreme Court's] cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838; Peralta v. Dillard, 744 F.3d 1076, 1086

1  (9th Cir. 2014) ("Even if a prison official *should* have been aware of the risk, if he was not, then
2  [he] has not violated the Eighth Amendment, no matter how severe the risk.") (internal quotation
3  and citation omitted), cert. denied, 574 U.S. 1073 (2015).  In addition, "prison officials who
4  actually knew of a substantial risk to inmate health or safety may be found free from liability if
5  they responded reasonably."  Farmer, 511 U.S. at 844.

6        Plaintiff's general allegations that all defendants knew of the dangers of housing EOP
7  inmates in an integrated yard with general population inmates are insufficient to demonstrate that
8  each defendant was personally aware of a specific threat to plaintiff's safety if he was housed on a
9  general population yard.  See Johnston v. Diaz, 2020 WL 5630278, at *6 (S.D. Cal. Sept. 21,
10 2020) (dismissing Eighth Amendment claim against Kernan or Diaz because prisoner did not
11 allege that either of them "was involved in assigning plaintiff or his cellmate to an integrated yard
12 or had any reason to believe that plaintiff's cellmate posed a danger to plaintiff").

13       Plaintiff provided exhibits which appear to show that plaintiff was assaulted by such
14 inmates after he was transferred to CSP-LAC.[2]  If plaintiff was assaulted after he left MCSP,
15 plaintiff alleges no facts demonstrating that any defendant employed at MCSP was personally
16 aware of a specific threat to plaintiff's safety if he was housed at CSP-LAC or was responsible for
17 plaintiff being transferred there.  Similarly, plaintiff fails to set forth specific facts demonstrating
18 any named defendant employed at CSP-LAC was personally aware of a specific threat to
19 plaintiff's safety if he was housed at CSP-LAC or was responsible for plaintiff being transferred
20 there.  Plaintiff does not allege where defendant Barajas was employed.

21       To the extent plaintiff names the wardens based solely on their role as wardens, plaintiff is
22 advised that there is no supervisory liability in federal civil rights actions absent such party's
23 personal involvement or connection.

24       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
25 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

---

[2] Plaintiff is advised that all factual allegations must be contained within the complaint.  The court and defendants are not required to review exhibits in an attempt to determine the nature of plaintiff's claims.

5

court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

////

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 29, 2023

akba1335.14n

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMAD AKBAR,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN LUNDY, et al.,<br><br>   Defendants. | No. 2:23-cv-1335 KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

                    _____
                    Plaintiff